IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR353 |
| | ) | |
| v. | ) | |
| | ) | |
| DANIEL LLOYD, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (Filing No. 61), and the response and brief of the plaintiff in answer to defendant's motion (Filing Nos. 67 and 68). The Court has reviewed the defendant's motion, the government's response and supporting brief, and for the following reasons, finds defendant's motion should be denied.

Following trial which commenced on November 29, 2004, the jury returned a verdict of guilty as to Count I of the indictment on December 1, 2004. On March 11, 2005, a sentencing hearing was held, at which time the defendant was sentenced to a term of imprisonment of one hundred twenty (120) months, followed by five years of supervised release. In determining this sentence, the Court granted the defendant's motion that a criminal history category of III significantly overstated his prior criminal history and, accordingly, his criminal history was reduced to Category I for purposes of sentencing. This resulted

in a guideline sentence of one hundred twenty-one months to one hundred fifty-one (121 to 151) months incarceration, and the Court recognizing that the United States Sentencing Guidelines were advisory, sentenced the defendant to the statutory mandatory minimum of one hundred twenty (120) months.

The defendant appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit, and on October 14, 2005, the Court of Appeals filed its opinion affirming defendant's conviction and sentence.  On appeal, the defendant argued there was insufficient evidence to sustain his conviction, and that the Court had erred in denying his motion for judgment of acquittal.  The defendant's § 2255 motion was filed on December 7, 2005, and the Court finds that it has been timely filed.

In his § 2255 motion, the defendant raises two grounds: (1) that members of his race were intentionally excluded from the jury in violation of *Batson v. Kentucky*, 476 U.S. 79, 90 L.Ed.2d 69, 106 S.Ct. 1712 (1986), and (2) that he was sentenced in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005).

With respect to his *Batson v. Kentucky* claim, the Court notes that the defendant failed to raise this issue on his appeal to the United States Court of Appeals for the Eighth Circuit. "The failure to raise an issue on direct appeal acts to bar a

petitioner from raising that issue for the first time in a § 2255 motion . . . ."  *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).  This procedural default may be excused only if the petitioner can "show both (1) a cause that excuses the default; and (2) actual prejudice from the errors that are asserted."  *See United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).  The defendant has made no effort to show any cause that would excuse his default or that any actual prejudice occurred as a result of his claimed error.  For the foregoing reasons, this claim will be denied.

With respect to his second claim that his sentence violates *United States v. Booker*, the Court recognized at the time of sentencing that the guidelines provided for by *Booker* were advisory and not mandatory.  In addition, the Court sentenced defendant to the lowest sentence provided for by statute, which was one month less than the advisory guideline sentence.  *Booker* does not impact the application of the mandatory minimum sentences provided for by statute.  For the foregoing reasons, defendant's objection that he was sentenced contrary to *United States v. Booker* will be denied.  Having addressed the issues raised by the defendant, the Court finds

that defendant's motion should be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 30th day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court